(79 Misc. Rep. 648.)

### KNOX v. KNOX.

(Supreme Court, Special Term, Kings County.   March 1, 1913.)

Divorce (§ 107*)—Actions—Bill of Particulars.

While the defendant in a divorce action is not, as a matter of course entitled to a bill of particulars of the general averment that between certain dates he committed adultery with a woman whose name is unknown to plaintiff, the application will be granted, where sustained by an affidavit of the party showing his probable inability to meet the charge, but an affidavit by his attorney is not sufficient.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 346–348; Dec. Dig. § 107.*]

Action for divorce by Mary A. Knox against George A. W. Knox. On motion for bill of particulars. Motion denied.

Charles A. MacHenry, of New York City, for the motion.
Burlingame & Sheffield, of Brooklyn, opposed.

BENEDICT, J. Motion for bill of particulars in action for absolute divorce. The defendant in an action for divorce is not necessarily, and as a matter of course, entitled to a bill of particulars of a general averment in the complaint that between certain dates the defendant committed adultery with a woman whose name is unknown to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff; but ordinarily, where the application for such a bill of particulars is sustained by the affidavit of the party, showing his probable inability to meet the allegations as set forth in the complaint, without a more particular description or statement of the facts attending the charge, a bill of particulars may be ordered. Carrillo v. Carrillo, 6 N. Y. Supp. 305, per Daniels, J., with whom concurred Van Brunt, P. J., and Bartlett, J. In the present case the defendant does not make the affidavit himself; his attorney alone makes it. This is insufficient:

"Notwithstanding the very general nature of the allegation, he may be fully aware of the individual intended to be referred to in making it; and, if he has that knowledge or information, then he cannot be misled or prejudiced in his defense by the omission to state the name or give the description of the person in the complaint, or to designate the place where the misconduct may have occurred. * * * This affidavit of the attorney is wholly insufficient to entitle the defendant to a bill of particulars; for it fails to establish the fact that the defendant himself is in any manner ignorant of the individual, or of the time or place where the adultery is alleged to have taken place." Per Daniels, J., in case cited.

Motion denied, with $10 costs.